

## Office of the Attorney General
### State of Texas

DAN MORALES
ATTORNEY GENERAL

November 27, 1991

Robert A. MacLean, M.D.
Acting Commissioner
Texas Department of Health
1100 West 49th Street
Austin, Texas 78756-3199

Opinion No. DM-61

Re: Whether a "properly qualified applicant" for a certified copy of a death certificate may receive the entire copy if the cause of death lists AIDS or HIV infection (RQ-104)

Dear Dr. MacLean:

You have requested an opinion regarding whether the Texas Department of Health (the "department") may release a copy of a death certificate that lists acquired immune deficiency syndrome ("AIDS") or human immunodeficiency virus ("HIV") infection as a cause of death.

Chapter 191 of the Health and Safety Code requires the department to administer the registration of vital statistics and to establish a bureau of vital statistics, to be directed by the state registrar of vital statistics (the "state registrar"). Health & Safety Code §§ 191.002(a), (b)(1), 191.004(a). Chapter 191 also requires the Texas Board of Health (the "board") to adopt rules for collecting, recording, transcribing, compiling, and preserving vital statistics, including death records. *Id.* § 191.003(a); *see also* ch. 193 (setting forth the department's specific duties with respect to death records).

Section 191.051 of the Health and Safety Code requires the state registrar to supply a certified copy of a registered death record, or part of a registered death record, to a "properly qualified applicant," subject to board rules controlling the accessibility of vital records. Pursuant to section 191.051, the board has promulgated regulations that define a "properly qualified applicant" as:

> [a] legal representative, personal representative or agent, an immediate family member, or the registrant, who has a direct and tangible interest in the record and who shall have a significant legal relationship to the person whose record is

requested. The purpose for which the certified copy is needed and the relationship of the applicant to the registrant is essential to the application to determine if the applicant is properly qualified.

Tex. Dep't of Health, 15 Tex. Reg. 5603 (1990) (to be codified at 25 T.A.C. § 181.1). These regulations define "legal representative, personal representative, or agent" as:

[a]ny individual, attorney, funeral director, or other representative acting under contract for the requestor, when the requestor is not the applicant; or is one bearing an affidavit, authorizing that person, agent, genealogist, or other representative to make application on behalf of the registrant or member of the immediate family for the record or information requested.

*Id.*

You have informed us that pursuant to section 193.001 of the Health and Safety Code, the department has prescribed the form and content of death certificates. The current form contains an entry for "cause of death." You state that in some instances AIDS or HIV infection is listed on a death certificate as a cause of death. As a result, it is possible that information on a death certificate indicating that a deceased person died as a result of AIDS or HIV infection would be released to a properly qualified applicant.

The Communicable Disease Prevention and Control Act[1] (the "CDPCA") generally prohibits disclosure of the results of AIDS tests,[2] except to certain persons and entities under specific circumstances. *See* Health & Safety Code § 81.103(b). A person who discloses a test result in violation of section 81.103 commits a Class A misdemeanor. *Id.* § 81.103(j). The CDPCA provides that an individual may bring an action to enjoin violation of these confidentiality provisions, and also establishes civil liability for both negligent and willful disclosures of test results. *Id.* § 81.104.

---

[1] Health & Safety Code ch. 81 (formerly article 4419b-1, V.T.C.S.).

[2] The provisions of the CDPCA specifically relating to AIDS tests are found in sections 81.101 through 81.104 (subchapter F of chapter 81) of the Health and Safety Code (formerly section 9 of article 4419b-1, V.T.C.S.). These provisions were amended by the 72d Legislature. Acts 1991, 72d Leg., ch. 14, § 23, at 57-60 (eff. Sept. 1, 1991).

In light of the vital statistics statute requiring the release of death certificates and the CDPCA's strictures on disclosure of AIDS test results, you ask whether the state registrar may release a death certificate listing AIDS or HIV infection as a cause of death to any "properly qualified applicant," or whether the state registrar must release such a death certificate only to the specific persons and entities listed in section 81.103(b) of the CDPCA. Your question assumes that the disclosure of the fact that someone has died as a result of AIDS or HIV infection would disclose the results of an AIDS test for purposes of the CDPCA. We agree with this assumption. The CDPCA defines "test results" quite broadly as *"any statement* that indicates that an identifiable individual has or has not been tested for AIDS or HIV infection . . . including a statement or assertion that the individual is positive, negative, at risk, or has or does not have a certain level of antigen or antibody." *Id.* § 81.101(5) (emphasis added). We believe that the information on a death certificate that a person died as the result of AIDS or HIV infection would reveal that the person had tested positive for AIDS or HIV infection, thereby implicating the confidentiality provisions of the CDPCA.[3] As noted above, the CDPCA provides that an AIDS test result may be released only to certain entities and persons, including the department, the person tested, the physician who ordered the test, health care providers responsible for caring for the person tested, and the spouse of the person tested. *See id.* § 81.103(b). While some potential "properly qualified applicants," such as the deceased's spouse, are persons to whom AIDS test results may be disclosed under the CDPCA, most potential "properly qualified applicants" are not. *See* Tex. Dep't of Health, 15 Tex. Reg. 5603 (1990).

Although common-law privacy rights lapse upon death, there is no similar presumption that prohibitions against disclosure in confidentiality statutes lapse upon the death of the subject of the information. Attorney General Opinion JM-851 (1988). Rather, whether a confidentiality provision lapses upon death is a question of statutory construction. *Id.*; *see also* Open Records Decision No. 524 (1989). In Open Records Decision No. 529 (1989), this office considered whether the CDPCA prohibits public disclosure of AIDS tests results obtained in an autopsy

---

[3]The CDPCA requires a physician who attended a person who has died of a reportable disease, including AIDS or HIV infection, to immediately notify the health authority of the jurisdiction. *Id.* § 81.045. We are not aware, however, of any statute or regulation expressly requiring or otherwise authorizing physicians to disclose AIDS or HIV infection as the cause of death on death certificates. Since we have not been asked to address that issue, we simply assume for purposes of this opinion that the CDPCA or other law permits a physician to disclose AIDS or HIV infection as a cause of death to persons required to complete and file death certificates under sections 193.002 and 193.004 of the Health and Safety Code.

and included in an autopsy report requested under the Open Records Act.[4] In that decision, we carefully examined the CDPCA in conjunction with statutory provisions establishing medical examiners' duty in connection with inquests. *See id.* at 5-7. We concluded that the CDPCA does not apply to AIDS test results obtained in autopsies and included in autopsy reports because its consent-to-testing and confidentiality provisions are expressed in language applicable to living persons, not deceased persons, and because a contrary interpretation would interfere with medical examiners' statutory obligation to make full inquest reports. *Id.* at 4, 7.

We conclude that the state registrar may release death certificates listing AIDS or HIV infection as the cause of death to properly qualified applicants who are not persons to whom AIDS test results may be disclosed under the CDPCA. *See* Health & Safety Code § 81.103(b). In reaching this conclusion, we apply the same analysis we applied in Open Records Decision No. 529.[5] Like the provisions at issue in that decision, the AIDS test results confidentiality provisions of the CDPCA refer to living persons. As noted above, for example, a test result is defined as "any statement that indicates that an identifiable individual *has or has not* been tested for AIDS or HIV infection . . . including a statement or assertion that the individual *is* positive, negative, at risk, or *has or does not have* a certain level of antigen or antibody." Health & Safety Code § 81.101(5) (emphasis added); *see also* Open Records Decision No. 529 at 7. We also note that it appears from the legislative history of the CDPCA confidentiality provisions that the legislature intended to protect persons with positive test results from discrimination, particularly in

---

[4]Autopsy reports are expressly made public records pursuant to statute. *See* Code Crim. Proc. art. 49.25, § 11. In Open Records Decision No. 529 we considered whether section 3(a)(1) of the Open Records Act (which mandates the withholding of "information deemed confidential by law") in conjunction with the CDPCA precludes the disclosure of AIDS test results on autopsy reports.

[5]Unlike Open Records Decision No. 529, your query is not an open records request and does not otherwise require us to interpret the Open Records Act. The Open Records Act provides that a death record maintained by the Bureau of Vital Statistics of the Texas Department of Health is public information "available to the public on and after the 25th anniversary of the date the record is filed with the Bureau of Vital Statistics." V.T.C.S. art. 6252-17a, § 3(a)(15)(B). We assume that you are concerned with the release of a death certificate *prior* to the 25th anniversary of the date it is filed with the Bureau of Vital Statistics, and solely to "properly qualified applicants" as defined in the department's regulations.. Tex. Dep't of Health, 15 Tex. Reg. 5603 (1990). Because chapter 191 of the Health and Safety Code and the regulations promulgated thereunder establish requirements and procedures for the release of death certificates prior to the 25th anniversary of the date the record is filed, we consider only the interplay between chapter 191 and the CDPCA. As your request does not involve "public information" or the availability of information to the "public," we need not consider the interplay between the Open Records Act and the CDPCA.

employment and insurance.  It does not appear that the legislature intended to create a right to confidentiality that applies to death certificates.

In addition, in Open Records Decision No. 529 we addressed medical examiners' statutory duty to fully disclose the results of inquests.  Here we consider the CDPCA's confidentiality provisions in conjunction with the state registrar's duty under section 191.051 of the Health and Safety Code to supply certified copies of registered death records to properly qualified applicants.[6]  The department's regulations require that death certificates be disclosed only to those persons with a substantial need for access to the records.  *See* Tex. Dep't of Health, 15 Tex. Reg. 5603 (1990) (requiring that a properly qualified applicant must have a "direct and tangible interest" in the death certificate).  The state registrar's duty under section 191.051 of the Health and Safety Code to release death certificates to such persons is as explicit as medical examiners' duty to fully disclose the results of inquests.  Accordingly, the state registrar may release to a properly qualified applicant a copy of a death certificate that lists AIDS or HIV infection as a cause of death without violating the CDPCA.

## S U M M A R Y

The provisions of the Communicable Disease Prevention and Control Act which prohibit the disclosure of AIDS test results, Health & Safety Code § 81.101 *et seq.*, do not prohibit the state registrar from releasing a death certificate that reveals that a person died as the result of AIDS or HIV infection to a properly qualified applicant pursuant to section 191.051 of the Health and Safety Code.

Very truly yours,

DAN MORALES
Attorney General of Texas

---

[6]While section 191.051 also authorizes the state registrar to release only *part* of a record, we believe that release of redacted death certificates is not a realistic alternative.  It is not the state registrar's common practice to release redacted death certificates.  Thus, such redactions would themselves reveal that AIDS or HIV infection is listed as a cause of death.

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Deputy Assistant Attorney General

JUDGE ZOLLIE STEAKLEY (Ret.)
Special Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by Mary R. Crouter
Assistant Attorney General